**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JAMES ALTON BEACH,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CASE NO. 1:23-CV-02190-MLB** |
| **THE GUARDIAN LIFE INSURANCE** ) | |
| **COMPANY OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM BRIEF IN SUPPORT OF**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant The Guardian Life Insurance Company of America ("Guardian"), by and through its undersigned counsel, hereby files this Memorandum Brief in Support of its Response in Opposition to the Motion to Strike and Memorandum in Support of Motion to Strike (collectively, the "Motion to Strike" or "Motion") filed by Plaintiff James Alton Beach ("Plaintiff"). (Doc. 14).

## INTRODUCTION

On May 15, 2023, Plaintiff sued Guardian alleging a claim for long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1). Thereafter, the parties jointly moved for an extension of Guardian's responsive pleading deadline, through June 23, 2023, which the Court granted. (Docs. 7 – 8). On June 23, 2023, Guardian filed

its Answer to Plaintiff's Complaint. (Doc. 10). Guardian's Answer unequivocally complies with the applicable responsive pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. Notwithstanding this fact, Plaintiff filed the instant Motion on July 14, 2023, seeking to strike more than half of Guardian's responses, as well as Guardian's thirteenth and fourteenth affirmative defenses. (Doc. 14). Plaintiff's Motion fails on numerous grounds.

First, Plaintiff mischaracterizes the applicable pleading standard at the outset of his Motion. Second, Guardian's Answer satisfies the governing pleading standard set forth in Rule 8(b) of the Federal Rules of Civil Procedure. Third, Plaintiff has failed to carry his burden of satisfying the motion to strike requirements under Rule 12(f) of the Federal Rules of Civil Procedure. For these reasons, and as further explained below, the Court should deny Plaintiff's Motion.

## LEGAL STANDARD

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which authorizes district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The court has broad discretion over the granting of motions to strike." *Donovan v. Lynn's Food Stores, Inc.*, No. CV181-169, 1981 WL 2411, at *1 (S.D. Ga. Oct. 8, 1981). In general, a motion to strike is considered "a drastic remedy that courts should use sparingly and only when required for the purposes of

justice." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-CV-3008-AT, 2011 WL 5829674, at *2 (N.D. Ga. Aug. 1, 2011) (internal citations omitted). Consequently, "courts should not exercise discretion to strike pleadings or portions of pleadings unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Carter v. Howard*, No. 1:20-CV-1674, 2020 WL 9073531, at *17 (N.D. Ga. Nov. 23, 2020), *report and recommendation adopted,* No. 1:20-CV-1674, 2021 WL 1245365 (N.D. Ga. Jan. 20, 2021).

"Because this standard is rarely met, motions to strike are generally disfavored by the [c]ourts and are often considered time wasters." *Nelson v. Jackson*, No. 1:14-CV-02851, 2016 WL 9454420, at *1 (N.D. Ga. May 18, 2016), *report and recommendation adopted as modified,* No. 1:14-CV-02851, 2016 WL 9455425 (N.D. Ga. June 30, 2016); *see U.S. ex rel. Schaengold v. Mem'l Health, Inc.*, No. 4:11-CV-58, 2014 WL 5767042, at *2 (S.D. Ga. Nov. 5, 2014) (noting that Rule 12(f) motions "waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim.") (internal citation omitted); *Howard*, 2020 WL 9073531, at *17 (same). "Where a claim or defense is <u>not</u> utterly meritless, a motion to strike has the paradoxical effect of requiring extra time and expense by the parties in crafting and responding to the motion and depletion of precious Court resources in considering,

researching, and ruling on the motion." *Fed. Trade Comm'n v. U.S. Work All, Inc.*, No. 1:08-CV-2053, 2009 WL 10669724, at *3 (N.D. Ga. Feb. 24, 2009) (emphasis in original).

## ARGUMENT

## I.    PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED.

### A.    Plaintiff Mischaracterizes the Applicable Pleading Standard.

As a threshold matter, Plaintiff's Motion relies on an incorrect legal premise that has been rejected by this Court. Specifically, Plaintiff contends that Guardian's "Answer must be pled with the same level of specificity as Plaintiff's claims under the standard set forth in" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Doc. 14-1 at p. 6). Plaintiff cites *FDIC v. Stovall* in his Motion, yet glosses over the fact that the Court in *Stovall* expressly refused to apply the *Twombly*/*Iqbal* heightened pleading standard to responsive pleadings, and rejected the very argument Plaintiff misguidedly attempts to advance. (Doc. 14-1 at p. 6); *F.D.I.C. v. Stovall*, No. 2:14-CV-00029, 2014 WL 8251465, at *3 (N.D. Ga. Oct. 2, 2014). In doing so, the Court relied on the plain text of Rule 8, explaining that:

> The Rule sets a different standard for *responding* to a pleading. In responding to a pleading, the responding party must "state *in short and plain terms* its defenses to each claim" and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1) (emphasis added). By its plain text, the Rule does not require the responding party to make a "showing"; instead, the responding

party meets minimum pleading standards by stating its defenses in short and plain terms.

There is a significant difference between "showing" and "stating." "'To state' means '[t]o set forth in words; declare,' *The American Heritage Dictionary* 1694, (4th ed. 2000), while 'to show' refers to the practice of 'demonstrat[ing] by reason or procedure' . . .Well-established principles of statutory construction counsel that the court should not ascribe the same meaning to different language in the same Rule. *See EEOC v. Joe Ryan Enters., Inc.,* 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitle[ment] to relief' in the subsections governing answers and affirmative defenses.").

*Stovall*, 2014 WL 8251465, at *3.

The Court went on to address practical considerations supporting its decision, explaining that "[u]nlike plaintiffs, defendants do not have the luxury of prefiling investigations . . .[R]equiring factual pleading of [responsive pleadings and] affirmative defenses is likely to accomplish little more than encouraging a flurry of motions to strike[.]" *Id.* (citing *Floyd v. SunTrust Banks, Inc*., No. 1:10-CV-2620, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011)); *see also Fed. Deposit Ins. Corp. v. Bulldog Truck & Equip. Sales, LLC*, No. 1:12-CV-4039, 2014 WL 12623016, at *7 (N.D. Ga. Jan. 17, 2014) (agreeing with *Floyd, id.*); *Mack v. CVS Caremark Corp.*, No. 1:12-CV-01808, 2013 WL 12101902, at *2 (N.D. Ga. Mar. 7, 2013) (same).

The legal and practical rationales supporting the Court's decision in *Stovall* apply with equal force here, and foreclose Plaintiff's erroneous contention that Guardian's Answer should be held to the same pleading standard as Plaintiff's Complaint. As the Honorable Mark H. Cohen recently acknowledged, courts within the Northern District of Georgia "do not apply the heightened pleading requirements" of *Twombly* and *Iqbal* to responsive pleadings. *City of Jacksonville, Fla. v. Mun. Elec. Auth. of Georgia*, No. 1:19-CV-3234, 2019 WL 7819486, at *4 (N.D. Ga. Nov. 25, 2019), *abrogated on other grounds by Heath v. ILG Techs., LLC*, No. 1:20-CV-3130, 2020 WL 6889164 (N.D. Ga. Nov. 24, 2020).

### B.   Guardian's Responses Fully Comply with Rule 8(b).

At its core, Plaintiff's Motion is a purposeless maneuver by opposing counsel to compound the expenses of this litigation, and inflate Plaintiff's attorneys' fee claim.[1] In addition to misstating the pleading standard at the outset of his Motion, Plaintiff's advances a series of arguments which lack legal support, and place form over substance in a needless attempt to strike three categories of

---

[1] This conclusion is made all the more evident considering that Plaintiff's counsel's firm has filed numerous responsive pleadings that include similar and/or nearly identical responses to those challenged in the instant Motion. *See, e.g.*, (Exhibit B, Answer to Amended Compl., Doc. 71, *Fair Fight Action, Inc., et al. v. Raffensperger, et al.*, Case No. 1:18-CV-5391 (N.D. of Ga.) at ¶¶ 7, 20, 22, 24, 27, 35 – 38, 40 - 41, 45, 49, 53 – 55, 64, 66, 69, 70, 72, 78, 107 - 108, 120 - 121, 127, 129, 140, 159 – 163, 170 – 174, 183 – 187, 195, 202 – 204, 210-211, 232, 233, 235, and 237)); (Exhibit C, Answer to Amended Compl., Doc. 7, *Ajanaku v. Grady Memorial Hospital Corp., et al.*, Case No. 1:22-cv-4512 (N.D. Ga.) at ¶¶ 58 – 66, 98, 124 – 125, 136, and 144 – 145)); (Exhibit D, *Slatton v. PTS Direct Benefits, LLC, et al.*, Case No. 4:23-cv-5 (N.D. Ga.) at ¶¶ 33, 55, and 78); and Exhibit E, *Python Safety Inc., v. Ty-Flot, Inc.*, No. 1:14-cv-01919-WSD, (N.D. Ga. Sept. 12, 2014) at ¶¶ 15, 25).

responses from Guardian's Answer: (1) statements that certain documents "speak for themselves"; (2) statements that the allegations at issue constitute legal conclusions; and (3) statements that demand strict proof in connection with a straightforward denial of the allegations at issue.

Through these arguments, Plaintiff seemingly attempts to distract the Court from the applicable requirements of Rule 8(b) and guiding precedent within the Eleventh Circuit. To be sure, most of the cases upon which Plaintiff relies are easily distinguishable, and, oftentimes, altogether fail to support Plaintiff's strained arguments. Notably, a number of cases cited in Plaintiff's Motion directly contravene his arguments, and support the fact that Guardian's Answer complies with Rule 8's liberal standard for responsive pleadings. Nevertheless, Guardian has filed an Amended Answer to take certain issues and arguments in Plaintiff's Motion off the table. (*See* Doc. 17). For these reasons, and as further explained below, Plaintiff's Motion should be denied.

### 1.  Responses that Refer to Certain Documents from the Administrative Record.

Plaintiff first argues that certain responses in Guardian's Answer should be stricken because they include statements that documents within the ERISA Administrative Record "speak for themselves." (Doc. 14-1 at p. 8). At bottom, Plaintiff contends that this language is "impermissible" because it "purposefully frustrates Plaintiff's ability to accurately ascertain Defendant's response[s]." (*Id.* at

p. 5). More specifically, Plaintiff claims that, due to this language, he cannot determine the extent of the allegations Defendant is denying "because [Guardian] directs [him] to a document, or documents, that it does not provide." (Doc. 14-1 at p. 8).

In any event, Plaintiff's foregoing arguments have since been rendered obsolete due to recent developments. In particular, Guardian has since provided Plaintiff, through his counsel, with a copy of the complete Administrative Record, including the Policy and Plan, which spans more than 5,000 pages. *See* July 25, 2023 e-mail correspondence, attached hereto as Exhibit A. In addition to its early production of the Administrative Record (made two weeks before the parties' initial disclosure deadline of August 8, 2023), Guardian went a step further, and provided a list of specific bates-label cites to certain documents within the Administrative Record that are referenced in Guardian's Answer. (*Id.*). Through these good faith, cooperative efforts, Guardian sought to narrow the issues before the Court on Plaintiff's Motion and preserve judicial resources by mooting a majority of Plaintiff's Motion (*i.e.*, Doc. 14-1 at p. 8 – 13).

Plaintiff can no longer credibly contend that he is "disadvantaged" and that the documents referenced in Guardian's subject responses are somehow "nonexistent." (Doc. 14-1 at p. 8). Notwithstanding this fact, to the extent Plaintiff fails to withdraw his request to strike the responses listed on pages 8 – 13 of his

Motion, his request should be denied because Guardian's responses fully comply with Rule 8. Indeed, district courts within the Eleventh Circuit have found that responses fully comply with Rule 8 where, as here, the defendant has also either admitted or denied the allegations at issue. *See, e.g.*, *Saunders v. Postcard Factory, Inc.*, No. 1:18-CV-5930, 2019 WL 13273203, at *4 (N.D. Ga. Sept. 23, 2019) ("[S]imply including the phrase 'the document speaks for itself,' does not require striking the answer as a violation of Rule 8; indeed, some courts have declined to strike an answer stating that the document 'speaks for itself' where the defendant has also either admitted or denied the allegations."); *Westgate Fin. Corp. v. Cotswold Indus., Inc.*, 1:09-CV-2627, 2009 WL 10211922, at *5 (N.D. Ga. Dec. 31, 2009) (declining to strike answer stating that the document "speaks for itself" because defendants' response also "contain[ed] either an admission or denial . . . [T]herefore, their responses fully comply with Rule 8.") (emphasis added); *EmCyte Corp. v. XLMedica, Inc.*, No. 2:19-CV-769, 2022 WL 394392, at *3 (M.D. Fla. Feb. 9, 2022) (denying a motion to strike responses in which the defendants stated that the document spoke for itself and "den[ied] allegations which [were] inconsistent with the written document."); *Kimberly-Clark Corp.*, No. 1:10-CV-0034, 2011 WL 13118555 at *2 (holding Answer did not violate Rule 8(b) where allegations noted that a document "speaks for itself, denies all allegations in Paragraph [ ] that are inconsistent with, mischaracterize, or quote inaccurately or

incompletely from, the document, and denies all remaining allegations."); *Gen. Star Nat'l Ins. Co. v. MDLV, LLC*, No. 21-24284-CIV, 2022 WL 18215858, at *3 (S.D. Fla. Dec. 20, 2022), *report and recommendation adopted,* No. 21-24284-CIV, 2023 WL 145526 (S.D. Fla. Jan. 10, 2023) (denying a motion to strike where responses in which the defendant stated the document "speaks for itself" also provided one of the following additional denials: (1) denying all statements which are inconsistent with a fair reading of the document; (2) denying the allegation except for the fact that the document speaks for itself; or (3) denying the allegation as phrased."); *Gomez v. United States*, No. 09-22148-CIV, 2010 WL 3834211, at *2 (S.D. Fla. Sept. 28, 2010) (finding that answer properly denied allegations by stating that the referenced documents speak for themselves while also asserting a denial with respect to "any and all other characterizations, averments, allegations and legal conclusions" contained in those allegations.).[2]

The foregoing cases—one of which is cited in Plaintiff's *own* Motion (Doc. 14-1 at p. 8)—leave no doubt that the challenged responses from Guardian's Answer satisfy Rule 8(b).

## 2.    Responses that Refer to "Legal Conclusions."

---

[2] Plaintiff relies on *Stovall*, 2014 WL 8251465, at *3; however, *Stovall* is distinguishable, because the responses at issue vaguely referred to "documents" without referencing what particular documents were at issue. Here, Guardian's responses do more than merely refer to documents; Guardian identifies the documents at issue, specifically denies allegations inconsistent with these documents, and has produced the documents to Plaintiff.

Plaintiff additionally asks the Court to strike responses (and Guardian's thirteenth affirmative defense) stating that certain allegations are legal conclusions, and, therefore, no response is required. (Doc. 14-1 at pp. 14-15).[3] In connection with this request, Plaintiff cites to a case from the Middle District of Florida for the proposition that "[t]here is no Federal Rule permitting a defendant to disregard legal conclusions in a complaint." (Doc. 14-1 at p. 14) (citing *Clarendon Am. Ins. Co. v. All. Bros.*, No. 6:13-CV-934-ORL-22, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013)). Plaintiff's attempted reliance on *Clarendon* is an exercise in futility. For starters, *Clarendon* does not address affirmative defenses, and, in this respect, fails to support Plaintiff's argument that Guardian's thirteenth affirmative defense should be stricken. What is more, *Clarendon* is easily distinguishable and fails to support Plaintiff's argument as to Guardian's responses.

Relying largely on cases from the Northern District of Illinois, the court in *Clarendon* struck responses that stated, without more, that an allegations was "a statement of law, and thus, no response [was] required." *See Clarendon Am. Ins. Co.*, No. 6:13-CV-934-ORL-22, 2013 WL 5921538 at *3. By contrast, Guardian's responses do not merely respond to state that an allegation is a legal conclusion or

---

[3] The responses at issue include the paragraphs 2 and 83 to Guardian's Answer. Guardian filed an Amended Answer, which addressed (and mooted) Plaintiff's Motion as it relates to paragraph 83. Thus, paragraph 2 is the only remaining response at issue with regard to Plaintiff's "legal conclusion" objections.

statement of law; rather, in addition to taking the position that certain allegations contain legal conclusions not warranting a response, Guardian's specifically denies or admits the allegations at issue. *See, e.g.*, (Doc. 10 at ¶ 1) ("The allegations of paragraph 1 of Plaintiff's Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction.")); (*Id.* at ¶ 2) ("Defendant admits only that Plaintiff exhausted his administrative remedies with respect to his LTD claim. The remaining allegations of paragraph 2 of Plaintiff's Complaint constitute legal conclusions, to which no response is required.")[4]

Plaintiff does not address this distinction, much less cite to any analogous legal authority supporting his position that Guardian's responses somehow fail to comply with Rule 8(b). Contrary to Plaintiff's position, courts within the Eleventh Circuit have determined that similar responses are fully compliant with Rule 8(b). *See e.g., XLMedica, Inc.*, 2022 WL 394392, at *3 (recognizing that Rule 8 may not permit a defendant to answer that plaintiff has alleged a legal conclusion "with one exception[;] the offending paragraphs do not just do that. The paragraphs which

---

[4] This latter response was addressed during the parties' Rule 26(f) conference, and Plaintiff's counsel was advised of Guardian's position. Because Plaintiff generally alleges that "avenues of appeal have been exhausted," without specifying the specific benefit claim, Guardian's responded to admit that Plaintiff exhausted his long-term disability claim. Guardian's response accounts for the fact that the Plan includes appeal requirements for other benefit claims—not just long-term disability benefit claims. Here, there is no dispute that Plaintiff only seeks LTD benefits in his Complaint. With that in mind, Plaintiff's objection is nonsensical; Guardian fully responded to the allegations given the scope of Plaintiff's benefit claim. Nevertheless, Guardian revised its response in its Amended Answer to further clarify its position.

state that a legal conclusion does not require an answer also state that the allegations are denied. This is sufficient under Rule 8(b)."); *Bernath v. Seavey*, No. 2:15-CV-358-FTM-99CM, 2015 WL 13805095, at *2 (M.D. Fla. Sept. 29, 2015) (denying plaintiff's motion to strike and finding, in part, that responses stating that allegations "set[] forth legal conclusions as to which no response [was] legally required" and otherwise denying the allegations were compliant with Rule 8(b)).[5] Pursuant to this line of authority, Plaintiff's challenges to Guardian's responses are without merit.

### 3.    Responses Denying Allegations and Demanding Strict Proof.

Plaintiff additionally moves this Court to strike the phrase "and demands strict proof thereof" from Guardian's Answer, and claims that district courts within the Eleventh Circuit have granted similar motions and treated "statements that demand strict proof thereof . . . as admissions." (Doc. 14-1 at p. 15). Yet, Plaintiff fails to cite any legal authority to support this statement, and his reliance on *U.S. v. Hammond*, 2004 U.S. Dist. LEXIS 24544, at *2 (S.D. Fla. Oct. 29, 2004) is misplaced because Guardian's demands for strict proof are all accompanied by denials.[6]

---

[5] The responsive pleading addressed in *Berneath* is attached as Exhibit F for the Court's convenience. *See* (Ex. F, at ¶¶ 33 and 47).

[6] Guardian's demands for strict proof do not impact the substance of its denials (and Plaintiff does not argue otherwise). *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice*

Moreover, Plaintiff's conclusory claim that he is prejudiced by Guardian's responses cannot possibly support the draconian relief sought in his Motion. (Doc. 14-1 at p. 16); *see Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *1 (M.D. Fla. May 6, 2014) (refusing to strike responses including demands for strict proof where the plaintiff failed to show how "the surplusage prejudice[d] him or otherwise affect[ed] his case.").

In sum, Plaintiff's request—to strike and deem admitted Guardian's denials demanding strict proof—lacks factual and procedural merit. Nevertheless, in an effort to further narrow the issues before the Court, Guardian filed an Amended Answer that excludes the "demands strict proof" language. (Doc. 17). Accordingly, Plaintiff's meritless request is due no consideration.

### C.    Plaintiff's Motion to Strike Guardian's Thirteenth and Fourteenth Affirmative Defenses is Unsupported.

Contrary to Plaintiff's Motion, "[a] party is not required to make a 'plausibility' showing to successfully assert an affirmative defense." *Kinfe v. Canon Bus. Process Servs., Inc.*, No. 1:18-CV-04351, 2019 WL 13268208, at *4 (N.D. Ga. July 9, 2019), *report and recommendation adopted,* No. 1:18-CV-4351, 2019 WL 13268196 (N.D. Ga. Aug. 6, 2019) (internal citation omitted). Under Rule 8(c) of the Federal Rules of Civil Procedure, Guardian is only required to

---

*and Procedure* § 1282 (3d. ed. 2004). ("The mere presence of redundant matter, however, may not be a sufficient ground for granting a motion to strike when it does not affect the substance of the pleading.").

"affirmative state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "The Court reviews affirmative defenses to ensure that they provide fair notice of the nature of the defenses and the grounds upon which they rest." *United States v. Zak*, No. 1:18-CV-05774, 2020 WL 11191759, at *1 (N.D. Ga. July 16, 2020). An affirmative defense should only be stricken if: (1) the plaintiff would succeed despite any set of facts which could be proven to support the defense; (2) the affirmative defense does not present disputed and substantial questions of law which, if resolved, could support the defendant's claim; and (3) the plaintiff has demonstrated that it would be prejudiced if the affirmative defense is included. *PNC Bank, N.A. v. Haghighi Fam. & Sports Med., P.A.*, No. 3:16-CV-1226-J-32MCR, 2017 WL 7311870, at *3 (M.D. Fla. June 2, 2017).

Plaintiff ignores these requirements altogether, and instead advances the perfunctory argument that the two defenses in question are legally insufficient and due to be stricken. The Court should outright deny Plaintiff's requests to strike Guardian's thirteenth and fourteenth affirmative defenses on this basis alone.

Even if Plaintiff's arguments are considered, Plaintiff's request to strike Guardian's thirteenth affirmative defense still fails for the reasons stated in Section I(B)(2). Plaintiff's request to strike Guardian's fourteenth affirmative defense similarly fails for lack of legal support. *See Schmidt v. Wells Fargo Bank, N.A.*, No. 8:20-CV-150-T-33AAS, 2020 WL 1703801, at *3 (M.D. Fla. Apr. 8, 2020)

("[A] statute of limitations defense is specifically enumerated in Rule 8(c)" and is not insufficient as a matter of law)*; cf. Fed. Trade Comm'*, 2009 WL 10669724, at *3 (observing that "in [Court]'s experience, almost every experienced civil litigation will raise precisely these three affirmative defenses in their answer because failure to do so, even if the defense likely lacks merit, may result in waiver.").

## II.    PLAINTIFF HAS NOT CARRIED HIS BURDEN UNDER RULE 12(f).

Even if a pleading does not meet the applicable pleading standard (which is not the case here), a Rule 12(f) motion should be denied where the moving party does not demonstrate that (1) "the allegations are so immaterial that they can have no possible bearing on the issues," and (2) the challenged responses and defenses "unduly prejudices opposing party." *United States v. S. Motor Carriers Rate Conf.*, 439 F. Supp. 29, 39 (N.D. Ga. 1977). Plaintiff has failed to satisfy this burden; therefore, Plaintiff's Motion to Strike should be denied.[7]

### A.    The Responses and Defenses in Defendant's Answer are Relevant and Will Not Prejudice Plaintiff.

---

[7] Plaintiff's Motion concedes that the point of a 12(f) motion is to avoid the expenditure of time and money arising from litigating spurious issues. However, in direct contravention to this goal, Plaintiff's Motion has caused Guardian, as well as this Court, to needlessly expend time and money for the purported purpose of "polishing the pleadings." *General Star National Life Insurance Company*, 2022 WL 18215858, at *2. It is clear Plaintiff recognized the need to satisfy Rule 12(f), but simply could not.

As a preliminary matter, the responsive allegations and defenses in Guardian's Answer are plainly relevant to the action. Plaintiff has not argued otherwise, much less demonstrated that the responsive allegations are "so immaterial that they can have no possible bearing on the issues" in this case. *Id.* Plaintiff additionally fails to demonstrate prejudice as required under Rule 12(f). Although Plaintiff makes the perfunctory argument that responses that documents in the Administrative Record "speak for themselves" are "nonsensical," Plaintiff does not identify what in the challenged responses is confusing or unclear. *See Saunders*, 2019 WL 13273203, at 4 (denying motion to strike where plaintiff failed to identify how the challenged response created confusion). In any event, the challenged responses neither detracts from nor obscures Guardian's admissions or denials. *See Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744, at *7 (N.D. Ga. June 13, 2011) (finding an Answer which included allegations that a document "spoke for itself" was not "prejudicial, irrelevant, or confusing" as to warrant striking); *see also General Star National Life Insurance Company*, 2022 WL 18215858, at *4 (same). Therefore, Plaintiff's argument that Guardian's responses are evasive because of use of the phrase "the Administrative Record speaks for itself" is unavailing.[8]

---

[8] Plaintiff appears to want Guardian to admit the content of certain documents, but Rule 8(b) does not require a defendant to obtain the documents at issue and quote exactly which parts it admits or denies. Adopting this interpretation would contravene Rule 8(b)(1)'s mandate that an

Plaintiff's remaining arguments lack support and are likewise unavailing. For example, Plaintiff fails to explain how responses which identify legal conclusions will prejudice him, particularly given that two of the 3 responses were followed by a subsequent admission or denial (and Guardian has since amended its Answer to paragraph 83 of Plaintiff's Complaint). Plaintiff further fails to explain how he is in any way prejudiced by Guardian demanding "strict proof" in connection with its denials. *See Moore*, No. 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *1 (M.D. Fla. May 6, 2014) (declining to strike responses demanding strict proof on the ground that Plaintiff "ha[d] not shown how the surplusage prejudice[d] him or otherwise affect[ed] the case."). Although Plaintiff may stylistically disagree with Guardian's responses, the Court should decline to strike these responses "to merely polish the pleadings." *Deatherage v. Experian Info. Sols., Inc.*, No. 620CV156ORL41GJK, 2020 WL 1974223, at *1 (M.D. Fla. Apr. 24, 2020) (internal quotation omitted). In any event, Guardian amended its Answer to remove this language from the challenged responses. (Doc. 17).

Finally, even if the Court finds that Guardian's thirteenth and fourteenth affirmative defenses are not technically defenses or responses to the claims asserted (which Guardian strongly denies), the Court should decline to strike these defenses given that the Court is required to construe pleadings "so as to do justice,"

---

Answer be short and plain. Plaintiff has the Administrative Record in his possession and can compare the allegations in the Complaint with the actual substance of the documents.

and the defenses cause no prejudice to Plaintiff. *See West v. S. AG Carriers, Inc.*, No. 1:16-CV-134, 2017 WL 10752210, at *5 (M.D. Ga. Mar. 16, 2017) (citing Fed. R. Civ. P. (e)); *see also PNC Bank, N.A.*, 2017 WL 7311870, at *2 (recognizing that motions to strike are viewed with disfavor and infrequently granted even when "'technically appropriate and well-founded' because striking is a 'drastic remedy.'") (internal citations omitted).

Ultimately, "the relief sought by [Plaintiff's] Motion [to Strike] serves no useful purpose. The case will be decided on the Administrative Record. It is of no moment whether [Guardian] agree[s] with [Plaintiff]'s characterization of certain statutes, and indeed it is no secret that [Guardian] do[es] not agree with [Plaintiff's] position on the pertinent issues in this case. Thus, it is disingenuous at best to suggest that [Plaintiff] is somehow prejudiced by [Guardian's] Answer in this matter." (*See* Exhibit G, *In re Tri-state Water Rights Litigation*, Case No. 3:07-md-00001 (PAM/JRK) (M.D. Fla. March 17, 2008)).

## III. EVEN IF THE COURT FINDS DEFENDANT'S ANSWER INSUFFICIENT, THE COURT SHOULD PROVIDE AN OPPORTUNITY TO REPLEAD.

For the above-stated reasons, Plaintiff Motion should be denied in full. Nevertheless, to the extent the Court concludes that there are any procedural deficiencies in Guardian's Answer, Guardian respectfully requests leave to further amend its responsive pleading to address any such issues. Granting leave to amend

is to be given freely when justice so requires. Fed. R. Civ. P. 15(A)(2). Thus, leave to amend should be liberally and routinely granted. *See, e.g., Kaloe Shipping Company, Ltd. v. Goltens Service Co., Inc.*, 314 F. Appx. 877 (11th Cir. 2009).

## <u>CONCLUSION</u>

Based on the foregoing considerations, the Court should enter an order denying Plaintiff's Motion to Strike. Alternatively, to the extent the Court deems necessary, this Court should grant Guardian leave to amend any responses or defenses this Court deems insufficient.

Respectfully submitted this 28th day of July, 2023,

<u>s/ Ashlee D. Riopka</u>
Ashlee D. Riopka, admitted *pro hac vice*
Alexander B. Feinberg
Georgia Bar Number: 956505
*Attorney for Defendant*
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203-2618
T: (205) 254-1000
afeinberg@maynardnexsen.com
ariopka@maynardnexsen.com

## **CERTIFICATE OF COMPLIANCE WITH**
## **LOCAL CIVIL RULES 7.1(D) AND 5.1(C)**

In accordance with Local Civil Rule 7.1(D), the undersigned counsel for Defendant Guardian Life Insurance Company of America certifies that its Response in Opposition to Plaintiff's Motion to Strike complies with Local Civil Rule 5.1(C). The Memorandum has been prepared in type font Times New Roman 14 point.

Respectfully submitted this 28th day of July, 2023,

*s/ Ashlee D. Riopka*
Ashlee D. Riopka, admitted *pro hac vice*
Alexander B. Feinberg
Georgia Bar Number: 956505
*Attorney for Defendant*
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203-2618
T: (205) 254-1000
afeinberg@maynardnexsen.com
ariopka@maynardnexsen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons electronically via the CM/ECF system, this the 28th day of July 2023:

Henry M. Quillian III, Esq.
Robbin L. Wilder, Esq.
TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
*Attorneys for Plaintiff*

*/s/ Ashlee D. Riopka*
OF COUNSEL

.