IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES ALTON BEACH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE GUARDIAN LIFE ) <br> INSURANCE COMPANY OF, ) <br> AMERICA, ) <br> ) <br> Defendant. ) <br> ) | CASE NO.: 1:23-CV-02190-MLB |

## PLAINTIFF'S REPLY TO RESPONSE IN OPPOSITION TO MOTION TO STRIKE

COMES NOW Plaintiff, James Alton Beach, by and through his undersigned counsel of record, hereby files this Reply to Defendant Guardian Life Insurance of America's Response to Plaintiff's Motion to Strike Defendant's Answer to Plaintiff's Complaint.

### INTRODUCTION

Plaintiff files this Reply to distinguish Defendant's situation from the many fact patterns where more lenient pleading of general denials, in response to a factually specific complaint, may be more justifiable. Here, Defendant has more knowledge than Plaintiff about its twenty-year factual development that weighs on

02628501-2

its decision to deny Plaintiff's long-term disability ("LTD") benefits. Defendant gained its new-found faulty knowledge after many years of paying Plaintiff's LTD benefits under the Plan's definition and before it brushed off letters that it timely received from Plaintiff's gastroenterologist and treating pain management doctor. Both medical doctors stated that Plaintiff is completely or "totally" disabled. Defendant either side-stepped its response to the specific allegations – by referring to the 5000-plus page administrative record and providing the record after filing its Answer [Dkt. 10], or dodged responses to basic allegations, such as whether the action was timely brought. Defendant's avoidance is apparent in its Answer, which widens the issues that Plaintiff must explore in discovery and that the Court must decide, lending to inefficient litigation.

As demonstrated by the many Eleventh Circuit cases construing shotgun pleadings that require complaints to be pled in such a way as to fairly give notice to the defendant of the assertions against it, so too should Defendant's answer be pled in a way to provide Plaintiff with enlightenment as to the course Plaintiff should pursue in proving his case. This is notable where the objective record's evidence suggests the opposite of a defendant's general denial. No medical doctors mentioned in the record contradicted the conclusions of Plaintiff's treating physicians.

## UPDATE TO FACTUAL CIRCUMSTANCES

On July 25, 2023, Defendant identified the over 5,000-page administrative record that Defendant says was referenced in its earlier Answer and identified, several documents within the record that Defendant contends addresses specific allegations in the Complaint, comprising only summary denial letters written by Defendant to Plaintiff that were already in Plaintiff's possession. On July 28, 2023, Defendant filed Defendant's Amended Answer to Plaintiff's Complaint [Dkt. 17], which has a modicum of more responsiveness than its original Answer. However, Defendant's Amended Answer still leaves numerous specific allegations denied with reference to the 5,000-plus page record without specifying the documents within the record that address the specified allegation. (e.g., Complaint ¶ 63 [Dkt. 1] and Amended Answer ¶ 63 [Dkt. 17]).

The Rule 26(f) conference has been held and the Preliminary Planning Report was approved by the Court. However, Defendant takes the position that <u>no discovery is permissible</u> because the 5,000-plus, page record holds within itself, the only permissible evidence. Yet, the most recent documents in the administrative record, not including Defendant's letters denying Plaintiff's benefits, are letters from two of Plaintiff's treating medical doctors providing uncontradicted medical determinations on Plaintiff's disability status. One of Plaintiff's medical doctors has been treating

02628501-2                                3

him for twenty years and his doctor who has treated him for several years is not only a medical doctor but also an attorney licensed in the State of Georgia. Both medical doctors provided Defendant with letters that contain medical determinations of Plaintiff's total disability, and those determinations, are the polar opposite of Defendant's conclusions. This contradicts Defendant's assertion that no discovery is permissible. Plaintiff not only must decipher the 5,000-plus, page record, but also needs admission or denials to the allegations in its Complaint to map the course of discovery to prove his case. The administrative record overwhelmingly supports a finding of disability, which Defendant agreed with until just recently.

## ARGUMENT

Defendant's Response and Amended Answer do not go as far as they should in clarifying the factual gaps, if any, over what was alleged in the Complaint, thus failing to narrow the case to important issues for determination. First, Defendant's response brief failed to cite the complete Federal Rule of Civil Procedure, 8(b)(1), which states that a responding party is obligated to do two things when responding to a pleading. The complete Rule states that "[a] party must: (A) state in short and plain terms its defenses to each claim asserted against it; **and** (B) admit or deny the allegations asserted against it by an opposing party." Defendant knows its

responsibilities but glosses over the important conjunctive word – **and**, which requires an additional step when responding to a pleading. (Doc. 19 at p. 4).

Additionally, Defendant so much as admits that it waited thirty-two (32) days, after filing its Answer to the Complaint, to provide Plaintiff with the 5,000-plus page copy of the complete Administrative Record. (Doc. 19 at p. 8). This admission alone demonstrates that Defendant's original Answer was inconclusive in that its denials were based on a then-unidentified set of documents that it had not reliably provided to Plaintiff – and 5,000+ pages of internally inconsistent information at that. As alleged, the Defendant had paid LTD benefits for approximately twenty (20) years and had persistently required Plaintiff to apply for social security benefits, which requires a much higher standard for a finding of disability. So, naturally, the administrative record reflects much more disability than Defendant now claims that it sees, yet Defendant cites the record as the basis for denying a finding of disability and parrots "its speaks for itself." It does. It shouts, "incorrect denial."

Defendant is aware that its obligations under the Fed. R. Civ. P. require admitting or denying allegations that are made against it. Defendant is more knowledgeable about the factors[1] that caused it to publish a denial of benefits than

---

[1] Which may have nothing to do with the merits of the disability determination.

Plaintiff, and the failure to comply with the Fed. R. Civ. P. by admitting or denying specifically plead allegations with some specificity does not advance this matter toward narrowing triable issues. Given that the evidence <u>by physicians</u> in the administrative record for the pertinent diseases – provided by the long-term treating physicians of Plaintiff for the diseases that caused the disability – shows that Plaintiff is totally disabled, likely the administrative record does not reflect the true reason for denial of benefits after so many years of Defendant finding disability.  Neither the Answer nor the Amended Answer tend to facilitate the identification of the true reason for denial of benefits, but rather obfuscate it in a sea of records which do not rationally support it -- certainly not with reliable substantive evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Answer should be granted and, if not, the Court should order that Plaintiff's specific factual allegations should be fairly met with plead allegation by plead allegation admission or denial in a Second Amended Answer. Also, it should order that superfluous Affirmative Defenses that are not supported by any factual basis should be withdrawn, such as, for instance, the Fourteenth Affirmative defense in the Amended Answer regarding statute of limitations.

Respectfully submitted, this 11th day of August, 2023.

                                       */s/ Henry M. Quillian III*
                                       Henry M. Quillian III, Esq.
                                       Georgia State Bar No. 003160
                                       hquillian@taylorenglish.com
                                       Robbin L. Wilder, Esq.
                                       Georgia State Bar No. 220973

                                       *Counsel for Plaintiff James Alton Beach*

TAYOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868 (Main)
(678) 336-7184 (Direct)
(770) 434-7376 (Fax)

## **LOCAL RULE 5.1(C) CERTIFICATION**

I hereby certify that the foregoing complies with the font and point requirements of LR 5.1, to wit, the foregoing was prepared in Times New Roman font, 14-point type.

This 11th day of August, 2023.

                                         */s/ Henry M. Quillian III*
                                         Henry M. Quillian III, Esq.
                                         Georgia State Bar No. 003160

                                         *Counsel for Plaintiff James Alton Beach*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Memorandum Of Law In Support of Plaintiff James Beach's Motion To Strike Defendant's Answer To Plaintiff's Complaint or For A More Definitive Statement was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: August 11, 2023

                                           */s/ Henry M. Quillian III*
                                           Henry M. Quillian III, Esq.
                                           Georgia State Bar No. 003160

                                           *Counsel for Plaintiff James Alton Beach*

02628501-2