IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

James Alton Beach,

        Plaintiff,

v.                                   Case No. 1:23-cv-2190-MLB

The Guardian Life Insurance Company of America,

        Defendant.

_____/

## **ORDER**

For the reasons explained below, the Court denies Plaintiff James Alton Beach's motion to strike Defendant's answer. (Dkt. 14.)

### I.  Background

Plaintiff worked as an executive for a company called American Computer Experience, Inc. until 2000 when he allegedly became disabled. (Dkt. 1 ¶¶ 7, 15, 16.)  He filed a claim for long-term disability benefits under his company's employee benefit plan. (*Id.* ¶ 10.) Defendant Guardian Life Insurance—the company that underwrote and administered the plan—initially determined Plaintiff was disabled and

provided benefits. (Dkt. 1 ¶ 19.) In May 2021, however, Defendant informed Plaintiff he was no longer eligible for those benefits. (Dkt. 1 ¶¶ 20–21.) Plaintiff appealed Defendant's decision but to no avail. (Dkt. 1 ¶¶ 25–30, 65–66.) Plaintiff then sued Defendant under 29 U.S.C. § 1332, alleging Defendant wrongfully terminated his benefits. (Dkt. 1 ¶¶ 84–94.)

Defendant filed an answer and, in doing so, sometimes referred to certain documents or asserted Plaintiff's allegations called for legal conclusions. (Dkt. 10.) Plaintiff moves to strike Defendant's answer, saying it does not meet federal pleading standards. (Dkt. 14.) Defendant filed an amended answer, addressed some of Plaintiff's concerns (Dkt. 17), and opposes Plaintiff's motion (Dkt. 18).

## II. Standard

Rule 12(f) of the Federal Rules of Civil Procedure allows district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts have "broad discretion in considering a motion to strike under" Rule 12(f). *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317 (S.D. Fla. 2005). "Striking a pleading is a 'drastic

remedy' that courts should use 'sparingly' and 'only when required for the purposes of justice.'" *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2011 WL 5829674, at *2 (N.D. Ga. Aug. 1, 2011) (citation omitted); *see also Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) ("[S]triking a defense from a pleading is a drastic remedy generally disfavored by courts."). For this reason, "courts should not exercise discretion to strike pleadings or portions of pleadings unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Carter v. Howard*, 2020 WL 9073531, at *7 (N.D. Ga. Nov. 23, 2020).

"A purpose of motions to strike is to prevent wasting unnecessary time and expense of the parties and the Court." *Certusbank N.A. v. Patrick Malloy Communities, LLC*, 2012 WL 12960828, at *1 (N.D. Ga. July 12, 2012). "Where a claim or defense is not utterly meritless, a motion to strike has the paradoxical effect of requiring extra time and expense by the parties in crafting and responding to the motion and depletion of precious Court resources in considering, researching, and ruling on the motion." *Id.* (emphasis in original). To that end, "[m]otions to strike affirmative defenses . . . are often considered purely cosmetic or

time-wasters." *City of Jacksonville, Fla. v. Mun. Elec. Auth. of Ga.*, 2019 WL 7819486, at *4 (N.D. Ga. Nov. 25, 2019) (internal quotation marks and citations omitted).

## III. Discussion

Plaintiff claims Defendant's answer is insufficient because it fails to plead "the same level of specificity as Plaintiff's claims under the standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 [(2007)] . . . and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." (Dkt. 14-1 at 6.) Plaintiff is wrong. Rule 8 of the Federal Rules of Civil Procedure "sets a different standard for *responding* to a pleading." *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *3 (N.D. Ga. Oct. 2, 2014) (emphasis in original). "In responding to a pleading, the responding party must 'state *in short and plain terms* its defenses to each claim' and 'affirmatively state any avoidance or affirmative defense.'" *Id.* (emphasis in original) (quoting Fed. R. Civ. P. 8(b), (1)(A), (c)(1)). This is a lower standard than the Rule's requirement that a plaintiff file a "short and plain statement *showing* that the pleader is entitled to relief[.]" *Id.* (emphasis in original) (quoting Fed. R. Civ. P. 8(a)). So the Court declines to hold Defendant's answer to the same pleading standard as Plaintiff's complaint. *See City of*

*Jacksonville, Fla. v. Mun. Elec. Auth. of Ga.*, 2019 WL 7819486, at *4 (N.D. Ga. Nov. 25, 2019) (courts in this district "do not apply the heightened pleading requirements" of *Twombly* and *Iqbal* to responsive pleadings).

Beyond that general insufficiency allegation, Plaintiff says Defendants answer (or amended answer) is insufficient because it does not admit, deny, or assert a lack of knowledge for each paragraph in the complaint. (Dkt. 14-1 at 5–6.) They point to two categories of Defendant's responses: (1) ones in which Defendant says that certain documents speak for themselves and that it "denies any allegations inconsistent therewith" (Dkt. 14-1 at 8–13); and (2) ones in which Defendant responds that Plaintiff's allegations are "legal conclusions, to which no response is required," (Dkt. 14-1 at 14–15).[1] Plaintiff says these responses are improper because (1) the administrative record and benefits policy Defendant references have "not been acknowledged, agreed upon, or established," (Dkt. 14-1 at 8); and (2) "[t]here is no

---

[1] Plaintiff also asks the Court to strike responses from Defendant that—along with denials—request "strict proof" of certain allegations. (Dkt. 14-1 at 15.) Defendant, however, "filed an Amended Answer that excludes the 'demands strict proof' language." (Dkts. 19 at 14; 17.)So that issue is moot.

Federal Rule permitting a defendant to disregard legal conclusions in a complaint," (Dkt. 14-1 at 14). Plaintiff next attacks the sufficiency of Defendant's pleadings regarding two affirmative defenses. The Court rejects all Plaintiff's arguments and concludes Defendant's pleading satisfies Rule 8.

> **A.    Answer Responses That Refer to Certain Documents from the Administrative Record**

Plaintiff attacks Defendant's answer responses that refer to certain documents in the so-called "administrative record" and deny any allegations inconsistent with those documents. His argument fails for two reasons. First, Plaintiff's argument is largely mooted. Plaintiff contends these responses "disadvantage" him because they "direct[] [him] to a document, or documents, that [Defendant] does not provide." (Dkt. 14-1 at 8.) But Defendant represents (and Plaintiff does not dispute) that it has since given Plaintiff a copy of the complete administrative record, including the benefits policy, and "a list of specific bates-label cites to certain documents within the Administrative Record that are referenced in [Defendant's] Answer." (Dkt. 19 at 8.) So that should resolve that.

Second, even if Defendant had not provided Plaintiff with this information, its responses satisfy Rule 8 because they also specifically

6

deny the allegations at issue. *See Saunders v. Postcard Factory, Inc.*, 2019 WL 13273203, at *4 (N.D. Ga. Sept. 23, 2019) ("[S]imply including the phrase 'the document speaks for itself,' does not require striking the answer as a violation of Rule 8; indeed, some courts have declined to strike an answer stating that the document 'speaks for itself' where the defendant has also either admitted or denied the allegations."); *Westgate Fin. Corp. v. Cotswold Indus., Inc.*, 2009 WL 10211922, at *5 (N.D. Ga. Dec. 31, 2009) (declining to strike response that document "speaks for itself" because defendants' response also "contain[ed] either an admission or denial . . . therefore, their responses fully comply with Rule 8.").

In arguing Defendant's answer is inadequate, Plaintiff points to *Stovall*, in which the court held certain responses referencing documents that speak for themselves were impermissible under Rule 8. (Dkt. 14-1 at 5–6 (citing *Stovall*, 2014 WL 8251465, at *3).) But in *Stovall*, the defendant's responses vaguely referred to "documents" without explaining the particular documents at issue. *Id.* at *12. That is not an issue here. Defendant not only identified the documents it relied on, it also produced those documents to Plaintiff and noted where in the documents Plaintiff can find the information he wants. So by way of one

7

example, Plaintiff alleged Defendant first paid Plaintiff benefits but then "informed him by letter on May 20, 2021 that he would no longer receive benefits because he was no longer was eligible for benefits under the Plan." (Dkt. 1 ¶ 20.) Defendant admitted that it denied benefits by sending the letter and then stated "the May 20, 2021 letter, contained within the Administrative Record, speaks for itself, and denies any allegations inconsistent therewith." (Dkt. 17 ¶ 20.) Without accepting Plaintiff's characterization of the letter (or offering its own), Defendant referenced the precise letter that establishes the operative fact and denied anything beyond the letter. That is sufficient.

While Plaintiff says Defendant does not provide a precise record cite for "numerous specific allegations denied with reference to the 5,000-plus page record," the only example he cites is one in which Defendant says the administrative record "speak[s] for itself regarding the correspondence between Plaintiff and Defendant during the administrative process and evidence considered during Defendant's review of Plaintiff's claim," while denying any inconsistent allegation. (Dkt. 17 ¶ 63.) There is nothing wrong with that response. Defendant represents the administrative record is "complete," so it will reflect all

8

the correspondence the parties had during the determination and appeals process and what Defendant looked at when assessing Plaintiff's request for long term disability benefits. And if something is missing, Plaintiff can ask for more in discovery. It seems like what Plaintiff really wants is for Defendant to take a premature position on what evidence from the administrative record it will rely on in contesting Plaintiff's claims. But Rule 8 does not require that level of specificity at this stage of the litigation.

### B.     Responses That Refer to Legal Conclusions

Plaintiff also complains about responses in which Defendant declined to address allegations that are "legal conclusions," arguing that "[t]here is no Federal Rule permitting a defendant to disregard legal conclusions in a complaint." (Dkt. 14-1 at 14.) Defendant says its responses are sufficient because, along with "taking the position that certain allegations contain legal conclusions not warranting a response, [Defendant] specifically denied or admitted the allegations at issue." (Dkt. 19 at 12.)

Courts in this circuit have recognized that while Rule 8 might not permit a defendant to merely respond that a plaintiff has alleged a legal

conclusion, such responses are "sufficient under Rule 8(b)" when they "also state that the allegations are denied" or admitted. *Emcyte Corp. v. XLMedica, Inc.*, 2022 WL 394392, at *3 (M.D. Fla. Feb. 9, 2022). Each of Defendant's responses that challenge Plaintiff's allegations as legal conclusions also contain a specific admission or denial. Those responses are adequate under Rule 8.

In arguing otherwise, Plaintiff cites *Clarendon Am. Ins. Co. v. All Bros. Painting*, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013). (Dkt. 14-1 at 14.) But *Clarendon*—like *Stovall*—also involved responses that did not admit or deny the specific allegations at issue, and instead contained only a "general denial." *Clarendon*, 2013 WL 5921538, at *3. Again, Defendant's responses here are different: they specifically admit or deny each allegation. The Court will not strike these responses.

### C.  Affirmative Defenses

As a final argument, Plaintiff seeks to strike two of Defendant's affirmative defenses: its thirteenth defense, which says Defendant is not "required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions," and its fourteenth defense, which says, "Defendant reserves the right to rely on the defense

10

that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations." (Dkts. 14-1 at 17; 17 at 24.) Defendant says its thirteenth defense survives for the same reasons as its responses that challenge Plaintiff's allegations as legal conclusions. (Dkt. 19 at 15.) As for its fourteenth defense, Defendant says a statute-of-limitations defense is never insufficient as a matter of law. (Dkt. 19 at 15–16.)

"A party is not required to make a 'plausibility' showing to successfully assert an affirmative defense." *Kinfe v. Canon Bus. Process Servs., Inc.*, 2019 WL 13268208, at *4 (N.D. Ga. July 9, 2019). Instead, Rule 8 requires only that a defendant "affirmatively *state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(c) (emphasis added). Courts review affirmative defenses only "to ensure that they provide fair notice of the nature of the defenses and the grounds upon which they rest." *United States v. Zak*, 2020 WL 11191759, at *1 (N.D. Ga. July 16, 2020). A court should strike an affirmative defense only if: (1) the plaintiff would succeed despite any set of facts which could be proven to support the defense; (2) the affirmative defense does not present disputed and substantial questions of law which, if resolved, could support the

11

defendant's claim; and (3) the plaintiff has shown it would be prejudiced if the affirmative defense is included. *PNC Bank, N.A. v. Haghighi Fam. & Sports Med., P.A.*, 2017 WL 7311870, at *3 (M.D. Fla. June 2, 2017).

As for Defendant's thirteenth defense, the Court concludes it is appropriate for the same reasons as before: that Defendants may challenge Plaintiff's allegations as mere legal conclusions without factual support in the complaint (particularly because they also expressly admitted or denied those allegations). As to the fourteenth defense, Rule 8 explicitly allows a defendant to raise a statute-of-limitations defense. *See Schmidt v. Wells Fargo Bank, N.A.*, 2020 WL 1703801, at *3 (M.D. Fla. Apr. 8, 2020) ("a statute of limitations defense is specifically enumerated in Rule 8(c)" and is not insufficient as a matter of law). So Defendant's affirmative defenses survive.

Ultimately, Plaintiff's motion to strike serves no useful purpose and is a merely a "time-waster." *City of Jacksonville*, 2019 WL 7819486, at *4. And Plaintiff knew—or should have known—as much, especially given that Defendant identified several pleadings filed by Plaintiff's counsel's law firm that asserted similar or nearly identical responses to those Plaintiff challenges now. (Dkt. 19 at 6 n.1.) The goose and gander

12

rule comes to mind. In any event, the Court declines to impose the "drastic remedy" of striking Defendant's answer, particularly when it is clear from Rule 8 and the case law that its responses are sufficient under federal pleading standards.

## IV. Conclusion

The Court **DENIES** Plaintiff's Motion to Strike Defendant's Answer to Plaintiff's Complaint or For a More Definitive Statement (Dkt. 14).

**SO ORDERED** this 26th day of January, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE