IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMES ALTON BEACH,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,** | ) **CASE NO. 1:23-CV-2190-MLB** ) ) ) |
| **Defendant.** | ) |

**MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND COUNTERCLAIMS**

The Guardian Life Insurance Company of America ("Guardian"), by and through its counsel, respectfully requests leave to file an amended version of its previously submitted Answer and to submit Counterclaims. In support of this motion, Guardian submits its contemporaneously filed memorandum of law and further states as follows:

1. Pursuant to Rule 15(a), after the deadline for amendment has passed, a party may amend his or her pleading only by leave of court or with the opposing party's consent. FED. R. CIV. P. 15(a).

2. The parties' Joint Preliminary Report and Discovery Plan, as adopted by the Court, provides that amendments to the pleadings submitted more than 30 days after the Report is filed (here, September 7, 2023) will not be accepted for filing

unless otherwise permitted by law. *See* (Dkt. 20). This deadline corresponds with the Court's Local Rules. *See* Civ. L.R. 7.1(A), N.D. Ga.

3. Because the time for moving to amend has passed, Guardian respectfully seeks leave of Court to modify the scheduling order, and amend its Answer to Plaintiff's Complaint.

4. Guardian's proposed amendment and counterclaims matured after the deadline for amendment, as Guardian's counsel only recently discovered information that requires Guardian to assert counterclaims in this action to protect its rights under the Plan and enforce the Plan's terms. *See* FED. R. CIV. P. 13(a).

5. Furthermore, given the timeline of events preceding the instant motion, as established through the Declaration of Ashlee Riopka, Guardian's counsel, good cause supports the requested modification to the scheduling order.

6. On December 27, 2023, Plaintiff, through counsel, served objections and incomplete responses to certain written discovery requests seeking relevant information pertinent to the issue of damages and a number of Guardian's affirmative defenses (*i.e.*, Affirmative Defense Nos. 5 - 6, 10, 17, and 20).

7. Certain of Plaintiff's incomplete responses appeared to conflict with information and statements made to Guardian during the administrative process and/or positions taken by Plaintiff in this action.

7. The information prompted undersigned counsel's further investigation (from early-to-mid January 2024). During this period, undersigned counsel utilized transcription software to obtain and review statements made by Plaintiff in recently published/aired podcast episodes.

8. Through the transcripts (in particular, a transcript of Plaintiff's recorded statements during a podcast episode that was published/aired in late-November 2023, ~1.5 months after the deadline to amend), Guardian became aware of initial information prompting further inquiry, which, in turn, revealed more information supporting the proposed counterclaims and necessitating the requested relief.

9. Given the timeline of preceding events, Guardian could not reasonably have obtained the information (from the late-November 2023 podcast) needed to determine whether an amendment was in order until after the deadline to amend.

10. While it is possible that additional information/evidence that is not yet available or otherwise accessible will impact Guardian's proposed counterclaims, Guardian is filing the instant motion now in an exercise of diligence and to avoid potential delay.

11. Good cause supports the instant motion, which Guardian is submitting to the Court weeks after its counsel first learned of initial information that prompted

further investigation, which, in turn, yielded additional information supporting the proposed counterclaims.

12. The granting of the relief requested in this motion will not impact the remaining deadlines, and neither party will be prejudiced.

13. Indeed, the parties are actively engaged in the Rule 37 process and are attempting to narrow their respective disputes before requesting the Court's assistance.

14. Given these ongoing efforts, the period for completion of fact discovery was extended through March 15, 2024, and the deadline for submission of dispositive briefs was extended through April 15, 2024. (Dkt. 40).

15. Under the current schedule, Plaintiff's ability to assert defenses to Guardian's proposed counterclaims will not be impaired, especially considering that Plaintiff was necessarily aware of the information recently discovered by Guardian's counsel.

16. Furthermore, the proposed amendment and counterclaims are not futile, because, *inter alia*, the Court could grant judgment in Guardian's favor on the counterclaims regardless of the Court's ruling on the underlying benefit claim asserted in Plaintiff's Complaint.

17. If Guardian is not allowed to assert its counterclaims at this time, it will be severely prejudiced by not being able to protect its rights to pursue a claim that

arises out of the same employee welfare benefit plan under which Plaintiff seeks to recover additional benefits.

Based on the foregoing reasons, and for the reasons set forth in the accompanying memorandum of law, Guardian respectfully requests an Order granting it leave to file the Amended Answer and Counterclaims attached hereto as Exhibit 1.

/s/ *Daniel L. Delnero*
Daniel L. Delnero
BGD Legal & Consulting, LLC
30127 Bolling Way NE, Suite 130
Atlanta, GA 30305
(770) 864-7740
Daniel.delnero@bgdlc.com

Alexander B. Feinberg
Ashlee D. Riopka, *pro hac vice*
Maynard Nexsen, PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL  35203
(205) 254-1000
afeinberg@maynardnexsen.com
ariopka@maynardnexsen.com

*Counsel for The Guardian Life Insurance Company of America*

## **CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that I have served a copy of this pleading upon the following attorneys of record by filing same with the CM/ECF filing system, and that this pleading was prepared in the approved Times New Roman 14 font:

Henry M. Quillian, III
Casey L. Frew
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia  30339
(770) 434-6868
hquillian@taylorenglish.com
cfrew@taylorenglish.com

*Attorneys for James Alton Beach*

                                               /s/ *Daniel L. Delnero*
                                               OF COUNSEL